95
AO 472 (Rev. 3/86) Order of Detention Pending Trial
==========================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Mag. No. 06-27-C |
| | ) | |
| **VICTOR MONTALVO,** | ) | |
|     **Defendant** | ) | |

## ORDER OF DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
    [ ] an offense for which the maximum sentence is life imprisonment or death.
    [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
    [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[X]    (1)    There is probable cause to believe that the defendant has committed an offense
         [X]    for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
         [ ]    under 18 U.S.C. Section 924(c).

[ ]    (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]    (1)    There is a serious risk that the defendant will not appear.

[X]    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant is charged by complaint with possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The complaint also alleges that the penalty provisions of 21 U.S.C. § 841(b)(1)(A) apply. The defendant is thus exposed to a mandatory minimum term of imprisonment of 10 years and a maximum term of life, and if he is determined to have one prior conviction for a felony drug offense, as described in 21 U.S.C. § 841(b)(1)(A), he is exposed to a mandatory minimum term of imprisonment of 20 years. The government has invoked the presumption contained in 18 U.S.C. § 3142(e) and seeks to have the defendant detained both as a risk of flight and a danger to the community.

The defendant has waived his right to a preliminary examination, thus conceding the existence of probable cause to believe that he has committed the offense charged. As a result, 18 U.S.C. § 3142(c) provides that, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community."

At the detention hearing, the defendant testified in his own behalf. Among other things, he conceded the lack of a permanent residence in Maine or any connection to Maine other than the presence here of his girlfriend whom he said he intends to marry, the absence of any family or property in Maine, his sporadic employment as a self-employed sub-contractor, his failure to have worked since April, the existence of a 10 to 15 year-old cocaine habit for which he has never sought treatment, his trafficking in cocaine and his criminal history as reported in the pretrial services report. He professed a desire to enter into drug treatment, requested that he be placed in a residential treatment program and argued that such a placement would reasonably assure his appearance as required and the safety of the community.

As the government concedes, the defendant has rebutted the presumption contained in 18 U.S.C. § 3142(e) as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v.*

*Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The defendant, age 36, was born in Bridgeport, Connecticut. His mother, step-father and three siblings all reside in Connecticut. He does not know the whereabouts of his biological father. The defendant is unmarried but has one child who resides in Connecticut. He relocated to Maine approximately two or three years ago but is currently homeless and has been for approximately two months. He has no reported source of legitimate income.

The defendant has a serious substance abuse problem. He admits to using three to five grams of cocaine (powder and crack) daily and one gram of marijuana a week. By his own testimony, his drug trafficking activities are related to his own addiction.

The defendant also has a troubling criminal history, especially when viewed in the context of his substance abuse. He has a felony conviction for selling a controlled substance and convictions for possession of narcotics and for larceny.

The evidence against the defendant is strong. It consists of hand-to-hand buys of crack cocaine with undercover agents, recorded drug trafficking telephone calls and his post-arrest confession acknowledging his drug trafficking activities.

The defendant's suggestion that he now wishes to engage in substance abuse treatment is suspect and, even if sincerely motivated, unrealistic inasmuch as only an intensive, long-term residential treatment program would be appropriate for consideration given the nature and extent of the defendant's drug addiction problem. Aside from the fact that there has been no suggestion that any such arrangement could be made, all such programs are conducted in insecure facilities where participants are always able to leave at will. Thus, a residential treatment program would not adequately address the risk-of-flight issue. The defendant, after all, is facing a mandatory ten to twenty year minimum sentence.

Taking into consideration the congressional concerns that underlie the statutory presumption, including risk of flight and drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required. I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there

are no conditions that will reasonably assure community safety  I therefore **ORDER** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 28, 2006

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge
